IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CR-126 |
| ) | (JARVIS/SHIRLEY) |
| KERRY WATSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF DETENTION PENDING TRIAL

This case came before the Court on October 27, 2005, for a detention hearing pursuant to 18 U.S.C. 3142(f). Assistant United States Attorney Tracee Plowell appeared on behalf of the government. Assistant Federal Defender Kim Tollison represented the defendant, who was also present. The government sought the defendant's detention pretrial, arguing that based upon the defendant's drug and gun charges, it is presumed that there are no conditions of release that would reasonably assure the defendant's appearance before the Court or the safety of the community. The defendant sought release on conditions, contending that portions of the Pretrial Services Report are misleading and that he could live with his grandmother, who was willing to be a third-party custodian for him.

The defendant is charged in a three-count indictment [Doc. 1] with possession of five grams of crack cocaine or more with intent to distribute, being a felon in possession of a firearm and ammunition, and possessing a firearm in furtherance of a drug trafficking crime, all alleged to have occurred on April 1, 2005. At the detention hearing, the government contended that the defendant should be presumed to be both a danger to others and a risk of flight due to the

1

nature of the crimes with which he is charged.  See 18 U.S.C. § 3142(e).  The government stated that it would rely upon the Pretrial Services Report and also proceeded by proffer, stating that this case arose out of the execution of a search warrant at 828 Emerald Avenue.  The government stated that at the time, the defendant admitted that the gun and narcotics, some of which were baking in the oven, were his.  The government also argued that the defendant, an Alabama native, had no strong ties to the community, nor did he even possess a Tennessee driver's license.  It also pointed to the defendant's criminal history and noted that the defendant had been convicted of distributing a controlled substance as well as having been previously arrested for violent felonies.  It stated that the defendant had failed to appear in court for a disorderly conduct charge and had previously violated his probation, imposed for a simple drug possession conviction.  The government asserted that the defendant should be detained pending his trial.

The defendant proffered that he does have a Tennessee driver's license and that he has a daughter and a grandmother who live in Knoxville.  He related that he had lived with his grandmother prior to his arrest and that she was willing to have him live with her again.  He also stated that she would serve as a third-party custodian for him.  The defendant contended that he was willing to submit to home detention, electronic monitoring, daily reporting to Pretrial Services, and daily drug tests.

The defendant confirmed that he had been out of prison and living in Tennessee since 2002.  He acknowledged that he had worked only one day during that time.  With regard to the Pretrial Services Report, he stated that the two aggravated assault entries dated August 4, 2005, and July 15, 2005, were actually the same incident occurring in 2005.  He acknowledged that three warrants were issued relating to the three victims in that incident but that the two

2

relating to the uninjured victims had been dismissed. He also asserted that he was not on bond for the incident underlying the present charges when he was arrested for the assault. Finally, he explained that while he was late to court with regard to the disorderly conduct charge, he did appear. The defendant assured the Court that if released in this case, he would appear for court and would follow all conditions imposed by the Court.

Before the Court issued its ruling on the detention issue, Pretrial Services was able to confirm that the defendant does have a Tennessee driver's license.

Following a detention hearing, a defendant may be detained pending trial if there is no condition or combination of conditions that will reasonably assure (1) the defendant's appearance as required in court and (2) the safety of the community or any person in it. 18 U.S.C. § 3142(e). The Court finds that the instant case qualifies for the statutory rebuttable presumption that there is no condition or combination of conditions that will reasonably assure the defendant's appearance or the safety of the community. See 18 U.S.C. 3142(e). In this respect, the Court finds probable cause, in the form of the indictment, to believe that the defendant has committed an offense under the Controlled Substances Act and/or 18 U.S.C. § 924(c) for which he faces a maximum sentence of ten years or more. See United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985) (holding that the indictment establishes probable cause for purposes of the rebuttable presumption).

In light of the parties' proffers and the Pretrial Services Report, the Court finds that the defendant has not overcome the presumption that there are no conditions of release that could reasonably assure the safety of the community or his appearance in court as required. In making this determination, the Court has considered the factors enumerated in 18 U.S.C. §

3

3142(g). Factor one looks to the nature and circumstances of the offense charged, including whether it is a violation involving a narcotic drug for which the defendant faces a maximum sentence of ten years or more. See 18 U.S.C. § 3142(g)(1). In the present case, the defendant is charged with a qualifying offense, that of possessing crack cocaine with intent to distribute. This factor weights in favor of detention.

Second, the Court finds that factor two, the weight of the evidence against the defendant, argues for detention in this case because, as proffered by the government, the defendant admitted that the drugs and gun found in the search of 828 Emerald Avenue were his. See 18 U.S.C. § 3142(g)(2). The third factor for the Court to consider examines the history and characteristics of the defendant, including "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). The Court finds the defendant's family ties to be marginal. Although he has a daughter and grandmother living here, he has not supported them by being gainfully employed over the last three years. The Court also finds that this lack of employment and the defendant's lack of financial resources negate his obtaining a Tennessee driver's license with respect to his ties to the community. Moreover, the Court notes that the defendant has had five or six arrests since moving to this area.

Central to this defendant's characteristics is his criminal history. The defendant has a prior felony drug conviction for which he served time in prison. After being released from prison in 2002, he incurred two additional convictions for possession of drugs. Although he was placed on probation for these convictions, he violated the terms and conditions of this probation

4

on two occasions. Even though these revocations apparently did not result in any additional jail time for the defendant, they do indicate to this Court the defendant's unwillingness to abide by the orders and conditions of the Court. Finally, with regard to the defendant's failure to appear on his disorderly conduct charge, the defendant proffers that he did come to court but was late. Thus, the Court finds this sub-factor neither supports nor detracts from release. Overall, the Court finds that the defendant's characteristics under factor three (A), particularly his criminal history, argue in favor of detention.

Part (B) of the third factor looks to whether the defendant was on probation, parole, or some other type of release at the time of the present offense or arrest therefor. See 18 U.S.C. § 3142(g)(3)(B). The Court finds no evidence that he was on some type of release on April 1, 2005. Accordingly, this factor argues in favor of release.

Finally, with respect to the "nature and seriousness of the danger to any person or the community that would be posed by the person's release," the Court finds that the danger posed by the defendant's release would be significant. See 18 U.S.C. § 3142(g)(4). The defendant was previously convicted of assault in Alabama in 1997. He has a conviction for drug distribution in Alabama in 1998. After the defendant's release from prison in 2002, he has received convictions for possessing drugs in February and November 2003. In addition to his conviction for disorderly conduct, the defendant has been arrested and bound over to the grand jury for aggravated assault, which allegedly involved him shooting at three people and injuring one of them. In the present case, the grand jury found probable cause to charge him for involvement with drugs and guns. The Court finds that this factor weighs in favor of detention.

The Court has considered the defendant's proffer of his grandmother as a third-

5

party custodian if he is released. The Court anticipates that she is a good person and is well-intentioned. However, the Court finds that during the time that the defendant resided with her, he continued his involvement with drugs and guns, culminating in several convictions and arrests. The Court finds that the defendant's living with his grandmother has not deterred this behavior over the past three years.

The Court finds that even without the presumption, the evaluation of the factors in this case weighs in favor of detention. The Court notes that the presumption itself reflects a congressional finding that drug traffickers pose a special flight risk and risk of danger to the community. See United States v. Webb, No. 00-6368, 2000 WL 1721060, *1 (6th Cir. Nov. 6, 2000) (citing United States v. Hare, 873 F.2d 796, 798-99 (5th Cir.1989)). The Court finds that in this case, the defendant did not successfully rebut the presumption with the evidence he proffered or presented. The Court finds by clear and convincing evidence that the defendant's release would pose a danger to the community. After the defendant's release from prison in 2002, he showed no sign of changing his conduct for the better. Accordingly, the Court finds that there are no conditions of release that would reasonably assure the safety of the community.

The Court also finds by a preponderance of the evidence that the defendant presents a risk of flight or failure to appear. The defendant's past conduct, particularly his probation violations, reveals that he is unwilling to comply with conditions of release or to avoid unlawful conduct. Therefore, the Court also finds that there are no conditions of release that would reasonably assure his appearance at future court proceedings.

Because the Court has found that no condition or combination of conditions of release exist that could reasonably assure the safety of the community or the defendant's

appearance, the defendant is **ORDERED** to remain in detention until his trial. The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    **IT IS SO ORDERED.**

    ENTER:

       s/ C. Clifford Shirley, Jr.
    United States Magistrate Judge