IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:05-cr-126 |
| | ) | |
| KERRY WATSON | ) | |

## **MEMORANDUM AND ORDER**

This is a crack cocaine and firearms case. On February 3, 2006, the Honorable C. Clifford Shirley, Jr., United States Magistrate Judge, filed a 12-page Report and Recommendation (R&R) [Doc. 20] in which he recommended that defendant's motion to suppress [Doc. 12] be denied. Thus, he recommended that the firearm, ammunition, and drugs that were seized at the residence at 828 W. Emerald Avenue in Knoxville, Tennessee, on or about April 1, 2005, be admitted at trial, as well as all statements made by the defendant after his arrest, *i.e.*, "The Gun and the drugs are mines [sic]." [*See* Doc. 19, Defendant's Ex. 2].

This matter is presently before the court on defendant's timely objections to the R&R [*see* Doc. 22], and the government's response to those objections [*see* Doc. 23]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. Additionally, because the crux of defendant's argument is based on the omission of the word

"residence" in the grant of authority section of the search warrant, the court has *carefully* reviewed the language of the search warrant as well as the affidavit for that search warrant [*see* Doc. 19, Government's Ex. 1].  After doing so, the court finds itself in complete agreement with Judge Shirley's thorough analysis of the legal issues arising out of the evidence presented to him at the suppression hearing on January 6, 2006.  Consequently, the court agrees with Judge Shirley that the omission of the word "residence" in the search warrant is not fatal because the language of the supporting affidavit - which is incorporated by reference into the search warrant - sets forth with complete clarity a complete description of the premises to be searched.  *See United States v. Gahagan*, 865 F.2d 1490, 1496 (6th Cir., *cert. denied*, 492 U.S. 918 (1989).  Moreover, the court agrees with Judge Shirley that, even though the search warrant was not faulty in the traditional sense, the *Leon*[1] "good faith" exception applies to the facts of this case.

Accordingly, defendant's objections to the R&R [Doc. 22] are hereby OVERRULED in their entirety, and the R&R [Doc. 20] is ACCEPTED IN WHOLE. Hence, defendant's motion to suppress [Doc. 12] is hereby DENIED in its entirety.

**E N T E R :**

*s/ James H. Jarvis*
UNITED STATES DISTRICT JUDGE

---

[1] *See United States v. Leon*, 468 U.S. 897 (1984).