# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

UNITED STATES OF AMERICA,           )
                                    )
                    Plaintiff,      )
                                    )
v.                                  )     No.: 3:05-CR-126
                                    )          (VARLAN/SHIRLEY)
KERRY WATSON,                       )
                                    )
                    Defendant.      )

## ORDER

This action is before the Court on the Motion for Resentencing Pursuant to the
Retroactive Amendment to the Sentencing Guidelines [Doc. 49]. The basis for the
defendant's motion is the recently published majority opinion in *United States v. Blewett*,
— F.3d —, 2013 WL 2121945 (6th Cir. May 17, 2013). The Court ordered the
government to file a response to the motion, and the government has done so [Doc. 53].
The government asks the Court to hold the motion in abeyance pending a ruling on the
government's petition for rehearing en banc in *Blewett*. Alternatively, the government
asserts the Court lacks authority to grant the requested relief.

In *Blewett*, a divided panel of the Sixth Circuit Court of Appeals held that the
Equal Protection Clause requires application of the Fair Sentencing Act's ("FSA")
reduced statutory penalties to motions to reduce otherwise-final sentences under 18
U.S.C. § 3582(c), regardless of when a defendant was originally sentenced. 2013 WL
2121945, at *1. The government has filed a petition for rehearing en banc of *Blewett*,

and until the Sixth Circuit disposes of that petition, the Court finds it appropriate to hold the defendant's motion in abeyance.

The holding of *Blewett* seemingly conflicts with prior decisions of the Sixth Circuit Court of Appeals, including *United States v. Hammond*, 712 F.3d 333 (6th Cir. 2013), a published per curium decision that reiterated the Sixth Circuit's finding that the FSA is not retroactive to defendants who were sentenced before the FSA's effective date. A panel of the Sixth Circuit cannot overrule the decision of another panel, meaning the "prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting en banc overrules the prior decision." *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (internal quotation marks and citation omitted); *see also* 6 Cr. R. 32.1(b) ("Published panel opinions are binding on later panels. A published opinion is overruled only by the court en banc."). The Court is thus constrained by the previous holdings of the Sixth Circuit unless and until en banc review confirms the holding of *Blewett*. Moreover, numerous § 3582(c) motions were filed in the Eastern District of Tennessee after issuance of the *Blewett* decision, and it is likely that more will be filed. Each § 3582(c) motion necessitates a recalculation of statutory limits and sentencing guidelines by the United States Probation Office, as well as individualized consideration by government and the Court. Holding the defendant's motion in abeyance thus furthers the interest of judicial economy.

2

Accordingly, for these reasons, the Court hereby **HOLDS IN ABEYANCE** the Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 49] until the Sixth Circuit disposes of the government's petition for rehearing en banc of *United States v. Blewett*, — F.3d —, 2013 WL 2121945 (6th Cir. May 17, 2013).

IT IS SO ORDERED.


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

3